Submitted on record and briefs February 21, affirmed March 11, reconsideration denied April 10, petition for review denied April 23, 1974

LEITCH, *Appellant, v.* DEPARTMENT OF REVENUE ᴇᴛ ᴀʟ (No. 33-471), *Respondents.*

519 P2d 1045

628

Gordon Leitch, Jr., Portland, pro se,. appellant.

Lee Johnson, Attorney General, and Alfred B. Thomas, Assistant Attorney General, Salem, for respondents.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Plaintiff appeals from a dismissal of this declaratory judgment proceeding in which he sought judgment, declaring "that no past or future transportation district taxes are due * * * from the plaintiff * * *," that any taxes that might be due "be satisfied only in accordance" with U.S. Constitution, Art I, § 10, and that ORS ch 267 (Mass Transit Districts) and "succeeding" regulations are unconstitutional and void.

The plaintiff alleged that he was an employer taxed by the Tri-County Metropolitan Transportation District, and that he tendered payment of the taxes by way of checks. Copies of three such checks to the Oregon Department of Revenue drawn on the United States National Bank are attached to pleadings as exhibits. They are drawn for 0.0994 "ounce of gold and silver coin only," 0.2786 "ounces of gold and silver coin only," and "5 00/100 gold-silver coin alloy only or oz. 5/38 gold-silver alloy." The checks are adorned with repeated instructions against their being altered in any way.

Plaintiff's allegations and argument are about as confusing as are these checks. His argument falls

roughly under three general categories: (1) that the transportation district's taxes are constitutionally illegal because they are unequal between persons and classes; (2) that such taxes can only be collected in specie designated in U.S. Constitution, Art I, § 10, and dollars of gold nine-tenths fine as designated in 31 USC § 314 (1971); and (3) that he is unconstitutionally subjected to involuntary servitude if he is required to pay the tax.

■ (1). Plaintiff's argument pertaining to inequality of taxation, in its entire essence, was considered and rejected in *Horner's Market v. Tri-County Trans.*, 2 Or App 288, 467 P2d 671, *affirmed* 256 Or 124, 471 P2d 798 (1970):

> " ' "* * * Neither due process nor equal protection imposes * * * any rigid rule of equality in taxation * * *." ' " (Quoting from *Garbade and Boynton v. City of Portland*, 188 Or 158, 191, 214 P2d 1000 (1950).) 2 Or App at 307.

■ (2). U.S. Constitution, Art. I, § 10, upon which plaintiff relies, prohibits *states* from making "any Thing but gold and silver Coin a Tender in Payment of Debts * * *." Plaintiff has no cognizable complaint in this regard, for it is the federal government, not the state, that has made "[a]ll coins and currencies of the United States * * * legal tender * * *." 31 USC § 392 (Supp 1972).

■ (3). If plaintiff is made a slave by reason of the necessity for society to tax its individual members, we are all slaves. The argument is frivolous.

We have considered plaintiff's lengthy arguments in his brief, and find all of them wanting.

Affirmed.