# IN THE OREGON TAX COURT

LEITCH et al
*v.*
DEPARTMENT OF REVENUE
(TC 1557)

Ridgway K. Foley, Jr., Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, represented plaintiff.

Walter J. Apley, Assistant Attorney General, Department of Justice, represented defendant.

Decision for defendant rendered October 22, 1982.

**CARLISLE B. ROBERTS, Judge.**

Plaintiffs appeal from the Department of Revenue's Order No. I 81-59, affirming the act of the department's auditor in assessing the plaintiffs for Oregon personal income tax deficiencies in the tax years 1976, 1977 and 1978. The deficiencies arose from the understatement by plaintiffs of income taxes for those years by "converting" Federal Reserve Notes received to specie dollars (i.e., those related to gold and silver coin). Plaintiffs contend that gold and silver are the only measures of money defined in the United States Constitution. They do not contend that Federal Reserve Notes are not income but that they are taxable only to the extent of their relation to gold and silver, the Constitutional measures of

money. (The plaintiffs' formula is clearly described in plaintiffs' Opening Brief and is based on 31 USC § 314.)

Dr. Leitch apparently has studied for years the origins of the U.S. Constitution and he is convinced that it was the intent of the founding fathers that the document forever proscribes the use of any substitutes for specie without full convertibility thereof into specie of a weight prescribed by law. Accordingly, the plaintiffs, in filing their personal income tax returns for federal and Oregon income tax purposes, have converted the face value of Federal Reserve Notes by means of a formula based on the gold dollar. They reported as dollars of income a lesser number of dollars than indicated on the face of the currency actually received (paid through checks convertible into Reserve Notes or received directly in the form of Reserve Notes). *Gordon B. Leitch, Jr.,* ¶ 79,075 P-H TC Memo (1979); *Gordon B. Leitch, Jr.,* ¶ 81-504 P-H TC Memo (1981); and *see Leitch v. Dept. of Rev.,* 16 Or App 627, 519 P2d 1045 (1974).

Plaintiffs argued in this court that the clear doctrine of the early U.S. Constitution has been subverted by an "unconstitutional" interpretation of the constitution in *Juilliard v. Greenman,* 110 US 421, 4 S Ct 122, 28 L Ed 204 (1884), holding that Congress has the constitutional power to establish the Treasury Notes of the United States as legal tender in payment of private debts in time of peace as well as in time of war. This case has been relied upon since 1884 to sustain the constitutionality of a statute requiring creditors to accept U.S. paper money as legal tender. However, while reluctantly accepting that doctrine, the plaintiffs, as above stated, continue to contend that they are *taxable* only to the extent that the paper money relates to gold and silver, the constitutional measures of money (a question not raised in *Juilliard v. Greenman, supra,* because it did not deal with the payment of taxes). Plaintiffs further point out that in *Lane County v. Oregon,* 74 US (7 Wall) 71, 19 L Ed 101 (1869), the U.S. Supreme Court held that it was bound by the statutes of Oregon which required that Oregon taxes were payable only in gold and silver coin. (This statute has since been repealed and, while *Lane County v. Oregon* has never been overruled, it has thus been superseded.) Plaintiffs also broadly apply the narrow provision of the Oregon Constitution, art XI, § 1, relating to state banks, which has no application here.

As stated in *Gordon B. Leitch, Jr.,* § 79,075 P-H TC Memo (1979):

> "Despite petitioners [the Leitchs'] strenuous arguments to the contrary, this is not a new, novel and undecided area of the law. This Court [United States Tax Court] has consistently upheld the Constitutional taxability of Federal Reserve notes as income and always at their face value—not a discounted specie dollar value. We noted in *Hatfield v. Commissioner,* 68 T.C. 895, 897 (1977):
>
> > " 'The courts have uniformly held that Federal Reserve notes constitute legal tender—"money"—which must be reported on a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary. * * *' "

■ The U.S. Tax Court cited *Sibla v. Commissioner,* 68 TC 422, 430-431 (1977); *Gajewski v. Commissioner,* 67 TC 181, 193-194 (1976), *aff'd without opinion* 578 F2d 1383 (8th Cir 1978); *Hartman v. Commissioner,* 65 TC 542, 547 (1975); *Cupp v. Commissioner,* 65 TC 68, 84 (1975), *aff'd without opinion* 559 F2d 1207 (3d Cir 1977). The use of all U.S. currencies as legal tender for tax purposes is specified in 31 USC § 392. Silver dollars and currency dollars must be accepted equally, dollar for dollar. *Allen v. Craig,* 1 Kan App 2d 301, 564 P2d 552 (1977).

The reasoning of the plaintiffs was reflected by the petitioners and rejected in *Hellermann v. Commissioner,* 77 TC 1361 (1981), in which the U.S. Tax Court held that gain which is attributable solely to inflation is "income" within the meaning of the Sixteenth Amendment, and thus is taxable without apportionment.

■ Although one might wish that the strong dissent of Mr. Justice Field had prevailed in *Juilliard v. Greenman, supra,* this court does not have the power to overrule the determination of the United States Supreme Court in its constitutional interpretations. Furthermore, as stated by Mr. Justice Gray (at 110 US 450, 28 L Ed 215):

> "Such being our conclusion in matter of law, the question whether at any particular time, in war or in peace, the exigency is such, by reason of unusual and pressing demands on the resources of the government, or of the inadequacy of the supply of gold and silver coin to furnish the currency needed for the uses of the government and of the people, that

it is, as matter of fact, wise and expedient to resort to this means, is a political question, to be determined by Congress when the question of exigency arises, and not a judicial question, to be afterwards passed upon by the courts. * * *"

For this court to seek to change the law, as pressed by plaintiffs, "would be to pass the line which circumscribes the judicial department, and to tread on legislative ground." *M'Culloch v. The State of Maryland et al.,* 17 US (4 Wheat) 316, 4 L Ed 579 (1819). The plaintiffs' logic must be addressed to the U.S. Congress.

The defendant's Order No. I 81-59 is affirmed, requiring payment of additional taxes and interest for the tax years 1976, 1977 and 1978 (payable in U.S. currency). Defendant is entitled to its costs.