Gordon LEITCH, JR.

*v.*

DEPARTMENT OF REVENUE

(TC 3582)

Gordon Leitch, Jr., appeared *pro se.*

Mary Lou Haas, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered July 6, 1994.

### CARL N. BYERS, Judge.

Plaintiff seeks a lower assessed value for his property based on the theory that paper money is illegal. Defendant's Opinion and Order No. 93-2392 rejected plaintiff's constitutional arguments and sustained the Multnomah County Board of Equalization. The matter is before the court on defendant's motion to strike paragraph IV of plaintiff's complaint. The court will treat the motion as a motion to strike the complaint because paragraph IV provides the basis for plaintiff's appeal of the assessed value of his property.

Plaintiff contends it is illegal to use paper money in Oregon and in the United States. He relies upon his interpretation of Article I, section 8, of the United States Constitution, which gives Congress the power to coin money. Based

upon the framers' decision to omit from that section the power to "emit bills on the credit of the United States," he infers a prohibition against paper money. *See* The Federalist No. 44 (Alexander Hamilton). Plaintiff also cites the Oregon Constitution, Article XI, section 1, which prohibits the Oregon legislature from establishing a bank and prohibits the issuing of money.

■ Plaintiff has made similar claims before.[1] Although plaintiff contends this appeal relies upon a new and different legal argument, it uses the same theory previously rejected by the courts. The United States Supreme Court in *Juilliard v. Greenman*, 110 US 421, 4 S Ct 122, 28 L Ed 204 (1884), held that Congress has the constitutional power to establish treasury notes of the United States as legal tender in payment of private debts in time of peace as well as in time of war. That determination is binding on this court. As this court stated in *Leitch v. Dept. of Rev.*, 9 OTR 256 (1982):

"[T]his court does not have the power to overrule the determination of the United States Supreme Court in its constitutional interpretations." 9 OTR at 258.

ORS 305.437 provides that the court may award damages to the Department of Revenue when it appears to the court that a proceeding is "frivolous or groundless." In this case, plaintiff provided no evidence to dispute the assessed value of his property. In fact, plaintiff conceded that if his legal theory is not accepted, the value of his property is correct. His legal theory has been rejected by the courts four times. Accordingly, the court finds this proceeding is frivolous and groundless and an award of damages is appropriate. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion to Strike is granted and plaintiff's Complaint is dismissed; and

IT IS FURTHER ORDERED that defendant is awarded damages in the amount of its reasonable attorney fees.

---

[1] *Gordon B. Leitch, Jr.*, § 81-504 P-H TC Memo (1981); *Gordon B. Leitch, Jr.*, § 79,075 P-H TC Memo (1979); *Leitch v. Dept. of Rev.*, 16 Or App 627, 519 P2d 1045 (1974); *Leitch v. Dept. of Rev.*, 9 OTR 256 (1982).