Submitted on record and briefs December 31, 1997, judgment of Tax Court affirmed February 12, reconsideration denied April 7, 1998

Daniel R. THOMAS,
*Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Respondent.*

(OTC 3912; SC S44146)

952 P2d 542

Daniel R. Thomas, *pro se*, filed the briefs.

Jerry Bronner, Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Graber, and Durham, Justices.**

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

GILLETTE, J.

## GILLETTE, J.

In this appeal from a judgment entered in the Oregon Tax Court, the underlying issue is whether taxpayer, a physician, is required to report as "income," for purposes of Oregon income tax, money that he earned for his work as a doctor. Taxpayer argues that he does not have to report such money as income, because his labor—*i.e.*, the services that he performed in return for that money—is a deductible expense whose value is equal to what he was paid for it. Once that "expense" is deducted, he reasons, he is left with no net income. Thus, he concludes, he owes no tax.

The Tax Court took a contrary view on that issue. On cross-motions for summary judgment, it awarded summary judgment to defendant Department of Revenue (the department). Finding that taxpayer's arguments were "groundless and contrary to established law," the Tax Court also awarded the department $5,000 in damages, pursuant to ORS 305.437 (1993).[1] The Tax Court entered judgment accordingly, and taxpayer appealed to this court.

In this court, taxpayer raises a total of 30 "questions" under 13 "issues" that he claims are presented by the decision of the Tax Court. A systematic review of each of taxpayer's arguments, followed by an explanation as to why each is groundless, would not benefit the public, the bench, or the bar. We hold that the Tax Court did not err, either in granting summary judgment to the department or in awarding it $5,000 in damages pursuant to ORS 305.437 (1993).

The judgment of the Tax Court is affirmed.

---

[1] At the time of the Tax Court's decision, ORS 305.437 (1993) provided:

"Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment."

The 1995 legislature amended ORS 305.437, effective September 1, 1997. Or Laws 1995, ch 650, § 6a. That amendment plays no role in our decision in this case.