IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ERMA L. GLASGOW, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 160033R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL**[1] |

This matter is before the court on Plaintiff's Motion for Summary Judgment (Motion),

filed March 30, 2016. At the case management conference held on March 11, 2016, the parties

agreed that Plaintiff's Motion would be dispositive of all disputed issues for this case. On April

12, 2016, Defendant filed its Response to Plaintiff's Motion. Oral argument on the Motion was

heard by telephone on April 25, 2016. This matter is now ready for decision.

## I. STATEMENT OF FACTS

Plaintiff appeals from Defendant's Notices of Determination and Assessment for the

2011 and 2012 tax years. On September 9, 2014, Defendant mailed Plaintiff Request to File

Notices for the 2011 and 2012 tax years. (Ptf's Exs 1, 3.) On September 25, 2015, Defendant

mailed Plaintiff a Notice and Demand to File for the 2011 and 2012 tax years. (Ptf's Ex 2.)

Plaintiff failed to file returns as demanded by Defendant. (Def Resp at 1.)

Plaintiff claims Defendant "has illegally assessed unpaid income tax upon [her] wages for

the years 2007-to date" in response to Defendant's allegation that Plaintiff's failed to file tax

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered July 25, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

returns. (Motion at 1.) She asserts that, she is not required to file tax returns because her wages are "Subtitle C" income and not "Subtitle A" income. (*Id*. at 2.)

On October 29, 2012, Plaintiff filed a complaint in the Tax Court – Magistrate Division (Case TC-MD 120788N), stating she was exempt from withholding from her employer for the 2007-2010 tax years. On May 10, 2013, a decision was issued, denying Plaintiff's appeal and awarding the Department of Revenue $1,000 in damages under ORS 305.437 for Plaintiff's frivolous appeal. *Glasgow v. Dept. of Rev.*, TC-MD 120788N at 9 (May 10, 2013). On July 2, 2013, Plaintiff filed an appeal in the Tax Court Regular Division (Case TC 5183). A judgment was issued against Plaintiff and the court awarded the Department of Revenue $2,000 in additional damages under ORS 305.437 for Plaintiff's frivolous appeal. Plaintiff filed an appeal from the Tax Court to the Oregon Supreme Court. The Supreme Court noted that "[b]efore this court, taxpayer again asserts that her wages are not 'income' and that she is immune from taxation under the IRC. This court has rejected similar arguments as frivolous." *Glasgow v. Dept. of Rev.*, 356 Or 511, 513-14, 340 P3d 653, 654 (2014), *cert. den.*, 136 S Ct 500, 193 L Ed 2d 395 (2015). The court found that Plaintiff's arguments were without merit and sustained both the dismissal of her case and the damages awarded to the Department of Revenue.

## II. ANALYSIS

Plaintiff challenges Defendant's right to tax her wages, asserts those wages are not income subject to taxation, and argues that Defendant may not impose an estimation of tax upon her. Plaintiff cites as authority for her arguments, a variety of provisions from the Internal Revenue Code (IRC) including Sections 6012, 3402, 6654 and 6655.

The U.S. Tax Court has stated that courts are not required "to refute [frivolous] arguments with somber reasoning and copious citation of precedent." *Aldrich v. Comm'r*, 106

TCM. (CCH) 192 (2013)(quoting *Crain v. Comm'r*, 737 F3d 1417 (1984); *see also Thomas v. Dept. of Rev.*, 326 Or 397, 399, 952 P2d 542 (1998)("A systematic review of each of taxpayer's arguments, followed by an explanation as to why each is groundless, would not benefit the public, the bench, or the bar.") To the extent that Plaintiff raises a slightly different argument than she previously presented to this court, this decision will address those arguments.

IRC 6012 exempts persons from filing a federal return if their total gross income for the year is less than their total deductions. Plaintiff has not alleged that her income falls below this threshold.

IRC 3402 relates to withholding taxes. Plaintiff's arguments are similar to her prior claims, which were rejected by the Tax Court and the Oregon Supreme Court. The short answer to Plaintiff's contention that her wages fall under Subtitle C instead of Subtitle A is that she is wrong; that subtitle is about taxes on *employers* not on *employees*. Plaintiff is being taxed on wages paid to her, not for wages which she has paid to an employee.

In the prior case, Plaintiff admitted that she did not file Oregon Tax returns for the years 2007 through 2010. In response, Defendant compelled her employer to withhold taxes from her wages. When Plaintiff did not file an Oregon tax return for 2011 and 2012, Defendant issued a Notice of Deficiency and Assessment based on ORS 305.265(10)(a). Plaintiff asserted that Defendant may not assess taxes against her because they are estimates which are "optional" under IRC Sections 6654 and 6655.

Plaintiff included similar reference to those sections of the IRC in her current appeal. (*See* Ptf's Mot Summ J at 3 (stating that "Defendant is specifically prohibited from assessing any amount of unpaid estimated income tax under Sections 6654 or 6655.")) IRC 6654 is a provision about additions to tax, or penalties, for a taxpayers' failure to pay estimated tax either on a

quarterly basis, or by the tax filing date. IRC 6654(e)(2)(c) provides a safe harbor exception where a taxpayer did not have tax liability for the preceding tax year. This section has no relevance to Plaintiff's situation because she simply failed to file returns. It is not a situation where she is either filing quarterly estimated taxes or has filed a return without payment. IRC 6655 is irrelevant because it applies to corporations not individuals.

Plaintiff's central argument boiled down to its essence is that when a taxpayer does not file a tax return, the Department of Revenue cannot make an assessment based on an "estimate." That is not now, and has never been a correct reading of the law, and is not even a good faith extension of any existing law or court decision.

The court's authority to grant frivolous appeal penalties is derived from ORS 305.437 which states:

> (1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *
> (2) As used in this section:
> (a) A taxpayer's position is "frivolous" if there was no objectively reasonable basis for asserting the position.
> (b) "Position" means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer.

Plaintiff filed her appeal in this case claiming she was not subject to taxation on her wages after the Oregon Supreme Court had already found her claims frivolous and sustained penalties against her. Despite the clarity of the Supreme Court's opinion, Plaintiff again has filed an appeal without any objectively reasonable basis for asserting her position. Under these circumstances, the court has little choice but to again order sanctions against Plaintiff. Since prior sanctions ordered by the Magistrate Division in the amount of $1,000 and by the Regular

/ / /

Division in the amount of $2,000 have been insufficient to deter Plaintiff's continued conduct, this court awards Defendant $3,000 in penalties pursuant to ORS 305.437.

After careful consideration, the court concludes that Plaintiff's challenges to Defendant's Notices of Assessments are objectively unreasonable and frivolous. As a result, the court awards damages of $3,000 to Defendant under ORS 305.437. The court finds that Plaintiff offered no evidence that Defendant's Notices of Determination and Assessment are in error for any of the years in issue. Plaintiff's appeal is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

IT IS FURTHER DECIDED that Defendant is awarded damages of $3,000 under ORS 305.437 for Plaintiff's frivolous appeal.

Dated this ___ day of August 2016.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on August 12, 2016.*