IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAY RICHARD HAYS,                          )
                                           )
            Plaintiff,                     )   TC-MD 160180C
                                           )
      v.                                   )
                                           )
DEPARTMENT OF REVENUE,                     )
State of Oregon,                           )
                                           )
            Defendant.                     )   **FINAL DECISION**[1]

Plaintiff appealed Defendant's Notices of Assessment for the 2012 and 2013 tax years,

asserting that he "is clearly *not* the specific '*person*' who is plainly and clearly made liable * * *

for the payment of the federal personal income tax." (Compl at 2 (emphasis in original).)

Defendant's Motion for Summary Judgment was filed along with its Answer. At the telephone

case management conference, held before Magistrate Robinson on May 23, 2016, the parties

agreed to have the court determine the case based on stipulated facts and briefings, to be

submitted according to an agreed schedule. In due course, the court received the parties'

Stipulated Facts, Plaintiff's Response in Opposition, and Defendant's Response to Motion(s).

The court subsequently requested from the parties a copy of Plaintiff's 2012 and 2013 tax

returns, which Defendant provided on October 17, 2016.

Plaintiff requests that the court "dismiss the assessment" imposed by Defendant and order

that he be reimbursed for "any and all court costs." (Compl at 3.) Defendant requests that the

court uphold Defendant's assessments, impose the 100 percent intent-to-evade penalty under

---

[1] This Final Decision incorporates without change the court's Decision, entered December 20, 2016. Plaintiff requested costs and disbursements in his Complaint. *See* Tax Court Rule–Magistrate Division (TCR–MD 16 C). Plaintiff requested costs and disbursements in his Complaint. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR–MD 16 C(1).

ORS 305.265(13) and ORS 314.400(6) for both tax years at issue, and award $5,000 in frivolous appeal damages under ORS 305.437. (Ans at 1–2.)

## I. STATEMENT OF FACTS

The parties stipulated to the following facts:

"1)    The Plaintiff was paid $50,710 in 2012 for his labor by Esco Corporation and $52,950 in 2013 by Esco Corporation ($52,207) and Lina [*sic*] Benefit Payments, Inc. ($743).

"2)    The Defendant received the Plaintiff's self-prepared 2012 and 2013 Oregon tax returns on November 13, 2014. On the returns, the Plaintiff reported $0 federal adjusted gross income, $0 Oregon taxable income, $0 net Oregon tax, $3,453 of Oregon income tax withheld for 2012 and $3,520 of Oregon income tax withheld for 2013, and an Oregon tax refund of $3,453 for 2012 and $3,520 for 2013. Plaintiff included substitute W-2s rebutting those provided by employer for 2012 and by employer and Lima [*sic*] Benefits for 2013.

"3)    On November 16, 2015, the Defendant issued Notices of Proposed Return Adjustment and Notices of Deficiency for tax years 2012 and 2013 explaining the following adjustment to the Plaintiff's returns: (1) increased Oregon taxable income from $0 to $48,685 for tax year 2012 and $0 to $50,870 for tax year 2013, (2) increased net Oregon income tax from $0 to $3,974 for tax year 2012 and $0 to $4,162 for tax year 2013, (3) assessed a 20% penalty totaling $1,045 for tax year 2012 and $1,082 for tax year 2013 under ORS 314.402, and (4) a $250 penalty under ORS 316.992.

"4)    On January 13, 2016, the Defendant issued Notices of Assessment for tax year 2012 and 2013.

"5)    On February 12, 2016, the Defendant issued a Notice of Demand for Payment.

"6)    On March 15, 2016, the Defendant issued a Statement of Account along with a Distraint Warrant."

(Stip Facts, ¶¶1–6.)

Plaintiff's 2012 and 2013 federal forms 1040EZ show that he reported $0 in wages, salaries, and tips, $0 in taxable interest, and $0 in unemployment benefits and Alaska Permanent Fund dividends.

It is undisputed that Plaintiff is a resident of Oregon. (Ptf's Resp Opp, ¶2; Def's Resp Mot at 1.)

## II. ISSUES

(1) Whether Plaintiff's income in 2012 and 2013 was subject to Oregon income tax;

(2) Whether Defendant correctly assessed penalties under ORS 314.402 (2011) for a substantial understatement of income;

(3) Whether Defendant correctly assessed penalties under ORS 316.992 for filing an incorrect return based on a frivolous position;

(4) Whether the court should impose an additional penalty under ORS 305.265(13) and 316.400(6) for filing a return with an intent to evade tax; and

(5) Whether the court should impose an additional penalty under ORS 305.437 for taking a frivolous position in a proceeding before the court.

## III. ANALYSIS

A.    *Plaintiff's Liability for Oregon Income Tax*

Oregon imposes a tax "on the entire taxable income of every resident of this state." ORS 316.037.[2] For purposes of Oregon income tax, a resident's "taxable income" is that resident's "taxable income as defined in subsection (a) or (b), section 63 of the Internal Revenue Code (IRC), with such additions, subtractions and adjustments as are prescribed by [ORS chapter 316]." ORS 316.022(6); *see also* ORS 316.048. IRC section 63(a) defines taxable income as "gross income minus the deductions allowed by this chapter (other than the standard deduction)." Gross income, in turn, is defined by IRC section 61 as "all income from whatever source derived, including * * * [c]ompensation for services[.]"

Plaintiff submitted a six-page brief consisting of 41 numbered statements, to which he attached four exhibits totaling over 200 pages. (Ptf's Resp Opp.) Three exhibits are non-

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

Oregon-specific "tax protester" documents disputing the general applicability of the federal income tax. The fourth is a letter addressed to the United States Congress by President Taft in 1909. (*Id.*)

Plaintiff's brief rehashes "tax protestor" arguments long familiar to the courts. "A systematic review of each of taxpayer's arguments, followed by an explanation as to why each is groundless, would not benefit the public, the bench, or the bar." *Thomas v. Dept. of Rev.*, 326 Or 397, 399 (1998) (upholding Oregon Tax Court's imposition of $5,000 frivolous appeal penalty). What follows is a cursory discussion of the principal arguments in Plaintiff's brief, as they relate to Oregon income tax.

Plaintiff argues that the Federal Reserve notes with which he was paid for his work were obligations of the United States Government and therefore exempt from state taxation under title 31, section 3124(a), of the United States Code (exempting stocks and obligations of the U.S. government from state taxation). That argument is without merit; Federal Reserve notes are "legal tender for all debts, public charges, *taxes*, and dues." 31 USC § 5103 (emphasis added). "The courts have uniformly held that Federal Reserve notes constitute legal tender—'money'— which must be reported on a taxpayer's return in accordance with his method of accounting; and they have uniformly rejected, in a summary fashion, all arguments to the contrary." *Leitch v. Dept. of Rev.*, 9 OTR 256, 258 (1982) (quoting *Hatfield v. Comm'r*, 68 TC 895, 897 (1977)).

Plaintiff also argues that only employers must pay Oregon income tax because "ORS 316.162 to 316.221 * * * is the only statute [*sic*] in the ORS that clearly makes anybody liable for the payment of Oregon's State tax, and again, it's the employer who is made liable[.]" (Ptf's Resp Opp, ¶ 17.) To the contrary, as stated above, ORS 316.037 imposes a tax on the income of "every resident of this state."

Plaintiff invokes the United States Constitution in several of his numbered points, but it is not readily apparent what relation the fragments he quotes have to the remainder of his brief. (See Ptf's Resp Opp, ¶¶ 11–12, 25–27.) Plaintiff's only other discernable argument is that he is "clearly *not* the specific 'person' who is plainly and clearly made liable by the written statutes of Title 26 United States Code for the payment of the federal personal income tax." (Compl at 2; Ptf's Resp Opp, ¶¶ 14 (emphasis in original).) The reasoning supporting that assertion—*viz.*, that federal income tax can only be withheld from nonresident aliens and foreign corporations— while spurious, is also irrelevant. Plaintiff's Oregon income tax liability is at issue here, not his federal.

Plaintiff's arguments have "no basis in law or fact." *Webster's Third New Int'l Dictionary* 913 (unabridged ed 2002), *s.v.* "frivolous." The compensation he received for his labor, like the compensation received by other Oregon residents, is income subject to Oregon income tax.

B.    *Defendant's Penalties*

1.    *Substantial Understatement of Income*

ORS 314.402(1) (2011) states:

> "If the Department of Revenue determines that there is a substantial understatement of taxable income for any taxable year under any law imposing a tax on or measured by net income, there shall be added to the amount of tax required to be shown on the return a penalty equal to 20 percent of the amount of any underpayment of tax attributable to the understatement of taxable income."

The legislature's use of the word "shall" indicates that the addition of the penalty is mandatory where taxable income is substantially understated. An "understatement" of income occurs when errors on the tax return are not based on substantial authority, or when the taxpayer did not have a reasonable basis for its errors after disclosure of the underlying facts. ORS 314.402(4)(b)

(2011). Thus, only unreasonable or unsupported errors result in an "understatement" of income. Generally, an understatement of taxable income is "substantial" if it exceeds $15,000. ORS 314.402(2)(a).

Here, Plaintiff's reductions to his reported income were not based on substantial authority and had no reasonable basis. Nothing in the documents presented to the court indicates that he qualified for deductions sufficient to reduce his gross income by more than $35,000. The court finds that Plaintiff made a substantial understatement of his taxable income by reporting a taxable income of $0 when his earnings exceeded $50,000. Defendant's addition of the 20 percent penalty was correct for both tax years before the court.

2. *Incorrect Return Based on Frivolous Position*

ORS 316.992 states, in pertinent part:

> "(1) The Department of Revenue shall assess a penalty of $250 against any individual who files what purports to be a return of the tax imposed by this chapter but which: (a) Does not contain information on which the substantial correctness of the self-assessment may be judged; or (b) Contains information that on its face indicates that the self-assessment is substantially incorrect.

> "(2) A penalty may be imposed under subsection (1) of this section only if the conduct referred to in subsection (1) of this section is due to: (a) A position which is frivolous; or (b) An intention, apparent on the face of the purported return, to delay or impede the administration of the income tax laws of this state.

> "* * * * *

> "(5) As used in this section, 'a position which is frivolous' includes, but is not limited to: (a) Reference to a spurious constitutional argument * * * (c) An argument that wages or salary are not includable in taxable income * * * or (e) An argument that 'unenfranchised, sovereign, freemen or natural persons' are not subject to the tax laws."

The statutory "shall" shows that the imposition of the penalty is mandatory when the two conditions are met. *See* ORS 316.992(1). Those two conditions are: (1) the taxpayer files a return that either omits necessary information or is substantially incorrect on its face; and (2) the

taxpayer filed that return either because of a frivolous position or to impede the administration of the tax laws. *See* ORS 316.992(1),(2).

Here, Plaintiff's returns were substantially incorrect on their face because they reported withheld taxes even though they reported no income. His federal forms 1040EZ for the years at issue report no gross income: $0 in wages, salaries, and tips, $0 in taxable interest, and $0 in unemployment compensation and Alaska Permanent Fund dividends. At the same time, he reported over $3,400 in Oregon income tax withheld each year.

Plaintiff's Complaint and brief rely heavily on the theory that he is not subject to the federal income tax laws—a position designated as frivolous by ORS 316.992(5)(e). Likewise, his argument that his earnings are not taxable because they are paid in Federal Reserve notes is a form of argument that his wages are not includable in taxable income—a frivolous position identified by ORS 316.992(5)(c). His brief contains several quotations of fragments from the United States Constitution that are not "arguments" properly speaking but which, if intended as the basis for subsequent assertions, would be spurious. Plaintiff justified his incorrect return by invoking multiple frivolous arguments and Defendant correctly imposed the $250 penalty. *See* ORS 316.992(5)(c).

C.      *Additional Penalties Requested*

1.      *Intent to Evade*

Defendant requests this court to impose the 100 percent intent-to-evade penalty under ORS 305.265(13) and 316.400(6). Defendant must bear the burden of proof on this claim. It is not necessary now to determine whether that burden falls on Defendant by operation of ORS 305.427 or instead by the ancient rule that "[t]he burden of proof to show fraud * * * [is] on the

/ / /

party alleging fraud." *Bamberger v. Schoolfield*, 160 US 149, 162–63, 16 S Ct 225, 40 L Ed 374 (1895).

The intent-to-evade penalty is a civil fraud penalty. *See DeBoer v. Dept. of Rev.*, TC-MD 140027N, WL 4783255 at *10–11 (Or Tax M Div Sept 25, 2014) (reviewing legislative history of intent-to-evade penalty). To prove fraud, Defendant must prove, in addition to an underpayment of taxes, "that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes." *Parks v. Comm'r*, 94 TC 654, 661 (1990) (imposing fraud penalty on former IRS employee). Although fraud is never presumed, it may "be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available." *Rowlee v. Comm'r*, 80 TC 1111, 1123 (1983). A tax protestor's "mere failure to file a return, standing alone, is not sufficient. * * * [T]here must in addition be some other fact proved which would establish fraudulent intent." *Kotmair v. Comm'r*, 86 TC 1253, 1261 (1986).

Here, the record does not show any additional actions on the part of Plaintiff other than the filing of his "zero returns." There is no evidence of whether he properly filed returns in prior tax years, as in *Moffitt v. Department of Revenue*, TC-MD 160037N, WL 6087682 (Or Tax M Div Oct 18, 2016) (imposing intent-to-evade penalty where taxpayer had previously complied with tax laws). There is no evidence that he forged documents submitted to the taxing authorities, as there was in *Gossack v. Department of Revenue*, TC-MD 140320N, WL 122262 (Or Tax M Div Jan 8, 2015) (imposing intent-to-evade penalty where taxpayer submitted altered 1099-MISC with return). The "corrected" W-2 forms attached to his returns are not deceptive; he also provided his original W-2 forms and a written explanation of his disagreement with them.

/ / /

All in all, the facts before the court show that Plaintiff is quite mistaken about the applicability of the tax laws to himself—even culpably mistaken, as the frivolous appeal penalty demonstrates. But the facts do not show that Plaintiff further intended to evade a tax he knew to be owing. As the United States Tax Court held in *Kotmair*:

> Petitioner's tax protester arguments, advanced in such excruciating detail in the lengthy attachments to his Forms 1040, may have been meritless, frivolous, wrongheaded and even stupid, but we cannot hold that they amounted to fraud, without something more. Were we to do so, every failure-to-file protester case would be automatically converted into a fraud case.

*Kotmair*, 86 TC 1253, 1262 (1986). Defendant has not met its burden to prove intent to evade.

2.       *Frivolous Position on Appeal*

ORS 305.437 requires this court to impose a penalty upon taxpayers who assert a frivolous or groundless position in their appeal:

> "(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *.

> "(2) As used in this section: (a) A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position. (b) 'Position' means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

By the text of the statute, this penalty is mandatory if a taxpayer asserts even one frivolous claim, defense, or argument. *See* ORS 305.437(2)(b). The penalty is imposed regardless of the sincerity of a taxpayer's beliefs, because such a taxpayer has "wasted the time and resources of the department and the Tax Court by asserting his frivolous position." *Combs v. Dept. of Rev.*, 331 Or 245, 248 (2000) (upholding frivolous appeal penalty for taxpayer who sincerely believed wages were not taxable).

/ / /

As shown above, Plaintiff in this case had no objectively reasonable basis for his position. Defendant has requested an award of $5,000. In determining the amount of the penalty under ORS 305.437, the court considers as a mitigating factor the lack of a record of Plaintiff having previously taken a frivolous appeal in this court or in any other. Upon consideration, Defendant is awarded a $1,000 penalty, which Plaintiff must pay within 10 days after the court's judgment in this case becomes final. *See* ORS 305.437(1).

### III. CONCLUSION

After due consideration of the evidence and pleadings, the court concludes that Plaintiff is liable for Oregon income tax, that Defendant's penalties were correctly imposed, and that an additional penalty for taking a frivolous appeal to this court is warranted, but that the intent-to-evade penalty is not supported by the evidence. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER DECIDED that Defendant's request for a penalty under ORS 305.265(13) and 316.400(6) is denied.

IT IS FURTHER DECIDED that, no later than 10 days after the judgment in this case becomes final, Plaintiff shall pay to Defendant an additional penalty of $1,000 for his frivolous appeal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's request for costs and disbursements is denied.

Dated this ____ day of January, 2017.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on January 9, 2017.*