Kimbrough G. Middlebrook filed a petition asking the Chancery Court of Lauderdale County to review an order of the State Tax Commission assessing him income taxes for the years 1975 and 1976 in the sum of $1,686.16. The Chancery Court affirmed the order of the Commission, but allowed the taxpayer a credit of $873.10 for taxes withheld by his employer in 1975. The taxpayer's three contentions in this appeal are as follows:
 (1) The assessment of income taxes on $6,000 of business income was a violation of due process.
 (2) The assessments were invalid because they were based on Federal Reserve Notes rather than the standard unit of value set by Congress.
 (3) Wages themselves do not constitute income.
There is no dispute over the facts. The taxpayer filed an essentially blank individual income tax return for the tax year 1975. He claimed an exemption of $6,500, reported his taxable income as "None," and requested a refund of the $873.10 withheld by his employer. His return for the tax year 1976 was identical to that for 1975, except he made no claim for taxes withheld that year and requested no refund. A typewritten note attached to each return indicated that the taxpayer filed under protest and that he objected to the questions on the form, basing his objections on nine amendments to the United States Constitution and sections 23 and 26 of the Mississippi Constitution.
The Commission subsequently gave notice to the taxpayer that his returns were not acceptable and that additional taxes were due, but the taxpayer insisted on invoking his constitutional rights. Subsequently the taxpayer received by certified mail notices that the Commission was making an assessment of taxes due for both tax years in the sum of $1,695, including penalties and accrued interest. Middlebrook appealed to the Tax Commission's Board of Review and was given an opportunity to contest the assessment. The Board of Review affirmed the assessment and Middlebrook appealed to the Full Commission. The Commission affirmed the assessment by its order dated June 28, 1978. Middlebrook then appealed to the Chancery Court, pursuant to Mississippi Code Annotated section 27-7-73 (1972). That court rejected all the arguments propounded by the taxpayer, and affirmed the Commission's order. However, on a petition for rehearing, the court allowed the taxpayer a credit for taxes withheld by his employer in 1975. The Commission has not filed a cross-appeal and concedes that the credit should be allowed.
 I.
The taxpayer's first argument concerns the appropriateness of the Commissioner's assessment of taxes. He contends that it was arbitrary.
Mr. W.A. Barnes, Director of the Revenue Department of the Mississippi State Tax Commission, explained how the Commission arrived at its assessment. The amount of the taxpayer's salary was secured directly from his employer. That item is not disputed. The Commission also estimated that Middlebrook earned business profit of $6,000 each year. Sales tax returns filed by the taxpayer on his health food business were used to determine the gross sales. From that figure the Commission, considering that type of business to have a generally high profit margin, estimated the net profit to be $6,000. The Commission contacted the Internal Revenue Service in hopes of finding a Federal Schedule E, which would have given them a net profit figure. However, the Internal Revenue Service was unable to provide them with a Schedule E. Mr. Barnes testified that the $6,000 net profit was the best estimate he could make based on the available information.
Mississippi Code Annotated section 27-7-53(2) mandates that the Commissioner determine the taxpayer's liability from the best information available if no return is *Page 728 
made by a taxpayer. Middlebrook argues that this section is not applicable because he filed a return. However, a "blank" return of the nature he filed cannot be considered a return within the purview of Mississippi Code Annotated section 27-7-31 (1972). The Alabama Supreme Court rejected a similar contention in Radue v.Bradshaw, 268 So.2d 760 (Ala. 1972).
The taxpayer also argues that the Commission did not act on the best information available, because it did not attempt to subpoena the taxpayer's business records. We disagree. Section27-7-53(2) reads, in part, as follows:
 If no return is made by a taxpayer required by this article to make a return, the commissioner shall give written notice by regular mail to the taxpayer to make said return and pay any tax due. If the taxpayer shall fail to file the return and make payment of the tax due within fifteen days from the date such notice is mailed to the taxpayer, the commissioner shall determine the taxpayer's liability from the best information available, which determination shall be prima facie correct for the purpose of this article, and the commissioner shall forthwith make an assessment of the tax so determined to be due by certified mail or by personal delivery of the assessment to the taxpayer, which assessment shall constitute notice and demand for payment.
This statute requires the Commissioner to act on the bestinformation available, not the best information obtainable. The Commissioner is not required to use the courts to obtain the information which the taxpayer is under a statutory duty to supply. We hold that the Commissioner substantially complied with the statute, that his assessment was not arbitrary, and there was no violation of due process.
 II.
The next contention is that the assessments are invalid because they are based on Federal Reserve Notes, not "dollars." He contends a "dollar" is defined by Congress as 0.02368421 troy ounces of .9 fine gold or 412.5 grains troy of .9 fine silver. He then argues the exemption allowed by statute at that time was $6,500 "dollars," or approximately 138 1/2 ounces of pure gold. Therefore, using an arbitrary figure of $500 per ounce of gold, the exemption he claimed is approximately 69,250 Federal Reserve Notes.
Congress has made the Federal Reserve Note the measure of value in our monetary system, 12 U.S.C. § 412 (1968), and has defined Federal Reserve Notes as "legal tender for all debts, public and private, public charges, taxes, duties, and dues." (31 U.S.C. § 392 (1965)).
The taxpayer's argument is without merit. See, e.g., UnitedStates v. Benson, 592 F.2d 257 (5th Cir. 1979); Mathes v.Commissioner of Internal Revenue, 576 F.2d 70 (5th Cir. 1978);United States v. Wangrud, 533 F.2d 495 (9th Cir. 1976), cert.denied, 429 U.S. 818, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); Leitchv. Department of Revenue, 16 Or. App. 627, 519 P.2d 1045 (1974).
 III.
The last argument is that wages per se do not constitute income. The taxpayer contends that only gains derived from wages constitute income; that wages constitute only an exchange of money for an equal value of services or labor; and that one may be taxed only on the amount of wages which is in excess of the value of the services he has rendered his employer. He bases this contention on his interpretation of Mississippi Code Annotated section 27-7-15 (1972), which defines gross income.
This argument is frivolous. The clear intent of the statute is that wages are a component of income — and that income is not limited to gains derived from wages, salaries, etc. as argued by appellant.
The decree of the Chancery Court of Lauderdale County should be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur. *Page 729