Steven **ROTHACKER**, Appellant,

v.

**ROCKWALL COUNTY CENTRAL APPRAISAL DISTRICT, et al.,**
Appellees.

No. 05–84–00513–CV.

Court of Appeals of Texas,
Dallas.

Nov. 15, 1985.

Rehearing Denied Jan. 15, 1986.

Steven Rothacker, pro se.

R. Bruce Medley, Arlington, Nick Woodall, Rockwall, for appellees.

Before SPARLING, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

By this action Steven Rothacker challenges the validity of United States currency. He appeals from the granting of summary judgment in favor of Rockwall County Central Appraisal District, Rockwall County Appraisal Review Board, Rockwall Independent School District Tax Collector, Rockwall County Tax Collector and the City of Rockwall (all appellees collectively referred to as Rockwall). Appellant seeks to enjoin Rockwell from appraising his property in dollars or collecting any ad valorem tax based on such appraisal.

■ In order to uphold a summary judgment, the moving party must establish as a matter of law that there are no genuine issues of fact. *Wesson v. Jefferson Savings & Loan Association*, 641 S.W.2d 903, 904–05 (Tex.1982). Appellant contends in his points of error one through five that the trial court erred in concluding as a matter of law that Federal Reserve Notes are dollars and that dollars are a unit of value and legal tender for payment of all debts asserting that these issues are material questions of fact. We disagree; consti-

tutional and statutory interpretation is a matter of law within the province of the trial court. *See Mobil Oil Corp. v. Federal Energy Administration*, 435 F.Supp. 983, 985 (N.D.Tex.1977).

■ Appellant's reasoning upon which these contentions are based is that the appraisal of his property in dollars violates U.S. Const. art. I, § 10, cl. 1 which provides that "[n]o State shall ... make any thing but gold and silver Coin a Tender in Payments of Debts." Rothacker's contention is without merit. U.S. Const. art. I, § 8, cl. 5 [1] has long been recognized as providing Congress with the power to establish a uniform legal tender for the payments of debts. *Juilliard v. Greenman*, 110 U.S. 421, 448, 4 S.Ct. 122, 130, 28 L.Ed. 204 (1884). We agree with the reasoning of the Supreme Court of South Dakota that the mere utilization of a standard of tender prescribed by Congress is not state action as prohibited by U.S. Const. art. I, § 10, cl. 1. *First National Bank v. Treadway*, 339 N.W.2d 119, 120 (S.D.1983). Article I, § 10 was intended to inhibit the ability of the states to create a form of legal tender and was not meant to preclude the payment of debts in any form of legal tender authorized by the federal government. *See Richardson v. Richardson*, 122 Mich.App. 531, 332 N.W.2d 524, 525 (1983).

■ We next address appellant's contention of whether Congress has properly made Federal Reserve Notes legal tender and, if so, whether Federal Reserve Notes are dollars. We find the reasoning of the 10th Circuit in *United States v. Anderson*, 584 F.2d 369, 374 (10 Cir.1978) persuasive. In *Anderson*, the 10th Circuit reasoned that Congress had exercised its power under Article I, § 8 by means of delegation to the Federal Reserve System [2] and that Federal Reserve Notes are legal tender.[3] The

1. U.S. Const. art. I, § 8, cl. 5 reads "The Congress shall have Power ... to coin Money, regulate the Value thereof, and of foreign Coin, and fix the standard of Weights and Measures...."

2. Congress has delegated its power to the Federal Reserve System pursuant to 12 U.S.C.A. § 411 (West 1945).

3. Federal Reserve Notes are declared to be legal tender by 31 U.S.C.A. § 5103 (West 1983) which provides that "United States coins and currency (including Federal reserve notes ...) are legal tender for all debts, public charges, taxes, and dues." *See also United States v. Snow*, 670 F.2d 749, 754 (7th Cir.1982); *United States v. Benson*, 592 F.2d 257, 258 (5th Cir.1979).

Court also took judicial notice that Federal Reserve Notes are valued in dollars. 584 F.2d at 374; *Accord United States v. Snow,* 670 F.2d 749, 754 (7th Cir.1982). We adopt the 10th Circuit's reasoning.

Claims similar to the ones presented by appellant have been before the courts numerous times in recent years and they have been uniformly rejected. *See Snead v. Commissioner of Internal Revenue,* 733 F.2d 719, *modified, sub nom. Lamb v. Commissioner of Internal Reserve,* 744 F.2d 1448 (10th Cir.1984); *United States v. Ware,* 608 F.2d 400 (10th Cir.1979); *United States v. Rifen,* 577 F.2d 1111 (8th Cir. 1978); *Radue v. Zanaty,* 293 Ala. 585, 308 So.2d 242 (1975); *Allen v. Craig,* 1 Kan. App.2d 301, 564 P.2d 552 (1977); *Chermack v. Bjornson,* 302 Minn. 213, 223 N.W.2d 659 (1974), *cert. denied,* 421 U.S. 915, 95 S.Ct. 1573, 43 L.Ed.2d 780 (1975); *Middlebrook v. Mississippi State Tax Commission,* 387 So.2d 726 (Miss.1980); *Dorgan v. Kouba,* 274 N.W.2d 167 (N.D. 1978); *Leitch v. State Department of Revenue,* 16 Or.App. 627, 519 P.2d 1045 (1974); *Trohimovich v. Director of Department of Labor & Industries,* 21 Wash.App. 243, 584 P.2d 467 (1978).

As we see it, appellant's argument is essentially with the Congress and with the United States Supreme Court. He argues in essence that Congress has exceeded its constitutional authority and that the Supreme Court has erred in its decisions upholding the acts of Congress. The judges of this court are as much concerned as all other thinking citizens about the course of inflation, the stability of our monetary system and the outlook for our economy and our nation. However, we are not only obligated to follow the Constitution; we are obligated to follow the decisions of the United States Supreme Court applying and construing the Constitution. The Supreme Court has upheld the power of Congress to establish a system of fiat currency. *Legal Tender Cases, Knox v. Lee,* 79 U.S. (12 Wall.) 457, 549, 20 L.Ed. 287 (1871); *Juilliard,* 110 U.S. at 448, 4 S.Ct. at 130; *Norman v. Baltimore & Ohio Railroad Co.,* 294 U.S. 240, 303, 55 S.Ct. 407, 414, 79

L.Ed. 885 (1935). For the lower courts to do otherwise would not only be tyrannous but would reduce the system to chaos. Points one through five are overruled.

By point six, appellant argues that both of the trial judges passing on different aspects of his case "were extremely biased and prejudiced." We do not reach the issue because, from what we have already said, it is clear that their rulings were entirely correct. Even should a judge suffer from all the human failings of bigotry, pomposity, and arrogance—even should he be rude and overbearing, it would be futile for an appellate court to reverse the decision if it were the proper one. *See United States v. Grinnell,* 384 U.S. 563, 580–583, 86 S.Ct. 1698, 1708–1710, 16 L.Ed.2d 778 (1966); *Crawford Chevrolet, Inc. v. McLarty,* 519 S.W.2d 656, 664 (Tex. Civ.App.—Amarillo 1975, no writ). Appellant's case was not prejudiced by judicial shortcomings, if any there were, and the point of error is overruled. Judgment affirmed.

GUILLOT, J., concurs in result only.