**Richard W. BRAND, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–208–CR.**

Court of Appeals of Texas, Fort Worth.

April 28, 1992.

Richard Brand, pro se.

Bruce Issacks, Denton, for appellee.

Before FARRIS, LATTIMORE and MEYERS, JJ.

## OPINION

PER CURIAM.

Richard W. Brand appeals a conviction for speeding. The jury found appellant guilty of speeding and assessed a $200.00 fine. Appellant has chosen to prosecute his appeal pro se. No statement of facts has been filed from the trial as the trial court has rejected appellant's claim of "impecuniosity." Appellant has filed a brief raising one point of error.

In his sole point of error, Brand contends he is "IMMUNE and EXEMPT" from payment of his fines imposed for his speeding offense. Brand's reason for this immunity is his claim that Federal Reserve Notes are not "lawful money" of the United States; therefore, state laws imposing fines payable with Federal Reserve Notes for traffic violations are unconstitutional. Brand also complains that the trial judge and the prosecutor violated their oaths of office in enforcing these unconstitutional statutes.

We have previously addressed these arguments on another occasion when appellant was before this court, appealing two traffic convictions and raising the same claims of immunity from paying fines with what he calls unlawful currency. *See Brand v. State of Texas*, Nos. 2–90–213–CR & 2–90–214–CR (Tex.App.—Fort Worth, July 17, 1991) (not designated for publication). Brand has raised the same arguments in this case. We find Brand's arguments to still be without merit and we affirm the judgment of the trial court.

The Congressional authority to establish national paper currency is derived from its power "To borrow money on the credit of the United States." U.S. CONST. art. I, sec. 8, cl. 2. This Constitutional mandate has long been recognized as providing Congress with the power to establish a uniform legal tender for the payment of debts. *See Juilliard v. Greenman*, 110 U.S. 421, 444, 4 S.Ct. 122, 128, 28 L.Ed. 204, 213 (1884), in which the Court stated:

> The words "to borrow money," as used in the constitution, to designate a power vested in the national government, for the safety and welfare of the whole people, are not to receive that limited and restricted interpretation and meaning which they would have in a penal statute, or in an authority conferred, by law or by contract, upon trustees or agents for private purposes. The power "to borrow money on the credit of the United States" is the power to raise money for the public use on a pledge of the public credit, and may be exercised to meet either present or anticipated expenses and liabilities of the government. It includes the power to issue, in return for the money borrowed, the obligations of the United States in any appropriate form, of stock, bonds, bills or notes; and in whatever form they are issued, being instruments of the national government, they are exempt from taxation by the governments of the several states. *Weston v. Charleston City Council*, [27 U.S.] 2 Pet. 449 [7 L.Ed. 481]; *Banks v. Mayor*, [74 U.S.] 7 Wall. 16 [19 L.Ed. 57]; *Banks v. Sup'rs*, [74 U.S.] 7 Wall. 26 [19 L.Ed. 60]. *Congress has authority to issue these obligations in a form adapted to circulation from hand to hand in the ordinary transactions of commerce and business.*

*Id.* (emphasis added).

In determining that Congress has the authority to establish a paper currency, the *Juilliard* Court further held:

[C]ongress is vested with the exclusive exercise of the analogous power of coining money and regulating the value of domestic and foreign coin, and also with the paramount power of regulating foreign and interstate commerce. Under the power to borrow money on the credit of the United States, and to issue circulating notes for the money borrowed, its power to define the quality and force of those notes as currency is as broad as the like power over a metallic currency under the power to coin money and to regulate the value thereof. Under the two powers, taken together, *congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals.*

*Id.* 110 U.S. at 448, 4 S.Ct. at 130, 28 L.Ed. at 214 (emphasis added).

Congress delegated its power to establish a national currency to the Federal Reserve System. *See* 12 U.S.C.S. sec. 411 (Law.Co-op.1978). Additionally, Congress specifically designated what constitutes legal tender:

§ 5103. **Legal tender**

United States coins and currency (**including Federal reserve notes and circulating notes of Federal reserve banks and national banks**) are legal tender for all debts, Public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.

31 U.S.C.S. sec. 5103 (Law.Co-op.1983) (emphasis added). We pointed these authorities out to appellant in our prior opinion. We find they are still good and persuasive authority. There is no point in further repeating the arguments and authorities stated in our prior opinion; it adds nothing to the jurisprudence of the courts and would further waste the court's time and resources.

We do not quarrel with appellant's religious convictions and do not dispute the accuracy of the Biblical quotations recited in his brief. However, we would direct his attention to Romans 13:1–7 in which persons are directed to obey the governing authorities, to pay them their dues and taxes and revenues. Appellant is entitled to his personal opinions; he is not entitled to set himself up as separate and apart from the laws of the land. *See also* Luke 20:25 ("He said to them, 'Then render to Caesar the things that are Caesar's, and to God the things that are God's.'").

We hold that Congress: 1) has the power under the United States Constitution to establish a national paper currency; 2) has delegated this power to the Federal Reserve System; and 3) has designated the Federal Reserve Note as legal tender. Therefore, Federal Reserve Notes are "lawful money," and Texas statutes imposing fines payable with Federal Reserve Notes for traffic violations are constitutional.

Because there was no violation of Brand's constitutional rights when he was assessed a fine payable in Federal Reserve Notes, the trial judge and prosecutor did not violate their oaths of office in enforcing these statutes.

Brand's sole point of error is overruled. The trial court's judgment is affirmed.