# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00129-CV

**Lenard Boyce, Fisher, Appellant**

v.

**County of Williamson and Florence Independent School District, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 00-119-T26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

Appellant Lenard Boyce, Fisher[1] appeals from a judgment assessing delinquent property taxes against him. He argues that the Constitution authorizes only the use of gold or silver as tender in the payment of debts and that United States currency in the form of reserve notes are unconstitutional. We will affirm the trial court's judgment.

The County of Williamson (the "County") sued Fisher on behalf of itself and the City of Florence (the "City") for delinquent property taxes. Florence Independent School District (the "School District") intervened also seeking delinquent property taxes. The County and the School District presented evidence demonstrating that Fisher owed the County $935 in taxes for the years 1995 through 1999, the City $1,322.16 for those same years, and the School District $5,948.27 for the years 1992 through 1999, totaling $8,205.46. The trial court rendered a judgment against Fisher

---

[1] Apparently, appellant's name includes a comma as shown. He testified before the trial court that the comma is intended to separate his name, "Lenard Boyce," from his family's name, "Fisher." We will refer to him as either "appellant" or "Fisher."

in favor of the County[2] and the School District for the amounts owed together with all court costs and costs of sale and $100 for research expenses. The court further imposed a statutory tax lien against the described property in the amount of the delinquent property taxes, together with any related penalties, interest, costs, and expenses, and ordered that the County and the School District have foreclosure of their liens. Finally, the trial court ordered that the delinquent taxes are payable in "United States coins and currency, including, but not limited to Federal reserve notes which are valued in dollars and constitute legal tender, and American Eagle Gold coins available from The United States Mint."

Fisher argues on appeal, as he did before the trial court, that "the taxing entities had not defined The Monies owed." His reasoning is based on the following provision in the United States Constitution: "No State shall . . . make any Thing but gold and silver Coin a Tender in Payments of Debts." U.S. Const. art. I, § 10, cl. 1. Fisher contends that because federal reserve notes are not the same as silver or gold, they are nothing more than obligations of the United States government and cannot be lawful money. Fisher's argument is not a novel one and has been addressed and rejected by numerous courts. *See, e.g., Brand v. State*, 828 S.W.2d 824, 825 (Tex. App.—Fort Worth 1992, no pet.); *Rothacker v. Rockwall County Cent. Appraisal Dist.*, 703 S.W.2d 235, 237 (Tex. App.—Dallas 1985, writ ref'd n.r.e.). The constitutional provision Fisher relies on, by its plain language, prohibits the states from creating a form of legal tender not recognized or authorized by the federal government. *Rothacker*, 703 S.W.2d at 236. The clause is not meant to preclude payment of debts in any form of legal tender authorized by the federal government. *Id.*

---

[2] The County sued to recover taxes for both itself and the City of Florence.

It is by now axiomatic that federal reserve notes, which are valued in dollars, are legal tender. *See id.* at 236-37. The United States Constitution provides Congress with the power to establish a uniform legal tender, or national paper currency, for the payment of debts. *Id.* at 236; *Brand*, 828 S.W.2d at 825. This authority is derived from two constitutional provisions, conferring on Congress the power: "To borrow Money on the credit of the United States," U.S. Const. art. I, § 8, cl. 2, and, "To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures . . . ." U.S. Const. art. I, § 8, cl. 5; *see also Juilliard v. Greenman*, 110 U.S. 421, 448 (1884) ("Under the two powers, taken together, congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes . . . ."). Congress has exercised its power by means of delegation to the Federal Reserve System. 12 U.S.C.A. § 411 (West 2001). Congress also designated what constitutes legal tender: "United States coins and currency (including Federal reserve notes . . .) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C.A. § 5103 (West 1983). Thus, the trial court correctly ordered Fisher to pay his taxes with federal reserve notes, which are legal tender.

Appellant also attempts to argue that property taxes are an indirect tax on an obligation of the federal government. Appellant points out that federal reserve notes represent an obligation of the United States, and obligations of the federal government cannot be taxed either directly or indirectly by state or local authorities. *See* 31 U.S.C.A. § 3124(a) (West 1983) ("[O]bligations of the United States Government are exempt from taxation by a State or political subdivision of a State."). Fisher posits that because federal reserve notes are used to assess the tax on property and interest accrued on late payments, payment of those taxes with federal reserve notes

constitutes an indirect tax on the obligation.  We disagree.  The tax that formed the basis of the lien against Fisher, the foreclosure on that lien, the trial court's judgment, and the subject of this appeal is a tax assessed against Fisher's real property.  It is not an indirect tax on an obligation of the United States; thus, it is not exempt under section 3124 of the United States Code.

## CONCLUSION

We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:   January 17, 2002

Do Not Publish

4