TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00129-CV






Lenard Boyce, Fisher, Appellant



v.



County of Williamson and Florence Independent School District, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 00-119-T26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING 






 Appellant Lenard Boyce, Fisher (1) appeals from a judgment assessing delinquent
property taxes against him. He argues that the Constitution authorizes only the use of gold or silver
as tender in the payment of debts and that United States currency in the form of reserve notes are
unconstitutional. We will affirm the trial court's judgment.

 The County of Williamson (the "County") sued Fisher on behalf of itself and the City
of Florence (the "City") for delinquent property taxes. Florence Independent School District (the
"School District") intervened also seeking delinquent property taxes. The County and the School
District presented evidence demonstrating that Fisher owed the County $935 in taxes for the years
1995 through 1999, the City $1,322.16 for those same years, and the School District $5,948.27 for
the years 1992 through 1999, totaling $8,205.46. The trial court rendered a judgment against Fisher
in favor of the County (2) and the School District for the amounts owed together with all court costs
and costs of sale and $100 for research expenses. The court further imposed a statutory tax lien
against the described property in the amount of the delinquent property taxes, together with any
related penalties, interest, costs, and expenses, and ordered that the County and the School District
have foreclosure of their liens. Finally, the trial court ordered that the delinquent taxes are payable
in "United States coins and currency, including, but not limited to Federal reserve notes which are
valued in dollars and constitute legal tender, and American Eagle Gold coins available from The
United States Mint." 

 Fisher argues on appeal, as he did before the trial court, that "the taxing entities had
not defined The Monies owed." His reasoning is based on the following provision in the United
States Constitution: "No State shall . . . make any Thing but gold and silver Coin a Tender in
Payments of Debts." U.S. Const. art. I, § 10, cl. 1. Fisher contends that because federal reserve
notes are not the same as silver or gold, they are nothing more than obligations of the United States
government and cannot be lawful money. Fisher's argument is not a novel one and has been
addressed and rejected by numerous courts. See, e.g., Brand v. State, 828 S.W.2d 824, 825 (Tex.
App.--Fort Worth 1992, no pet.); Rothacker v. Rockwall County Cent. Appraisal Dist., 703 S.W.2d
235, 237 (Tex. App.--Dallas 1985, writ ref'd n.r.e.). The constitutional provision Fisher relies on,
by its plain language, prohibits the states from creating a form of legal tender not recognized or
authorized by the federal government. Rothacker, 703 S.W.2d at 236. The clause is not meant to
preclude payment of debts in any form of legal tender authorized by the federal government. Id. 

 It is by now axiomatic that federal reserve notes, which are valued in dollars, are legal
tender. See id. at 236-37. The United States Constitution provides Congress with the power to
establish a uniform legal tender, or national paper currency, for the payment of debts. Id. at 236;
Brand, 828 S.W.2d at 825. This authority is derived from two constitutional provisions, conferring
on Congress the power: "To borrow Money on the credit of the United States," U.S. Const. art. I,
§ 8, cl. 2, and, "To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard
of Weights and Measures . . . ." U.S. Const. art. I, § 8, cl. 5; see also Juilliard v. Greenman, 110
U.S. 421, 448 (1884) ("Under the two powers, taken together, congress is authorized to establish a
national currency, either in coin or in paper, and to make that currency lawful money for all purposes
. . . ."). Congress has exercised its power by means of delegation to the Federal Reserve System. 
12 U.S.C.A. § 411 (West 2001). Congress also designated what constitutes legal tender: "United
States coins and currency (including Federal reserve notes . . .) are legal tender for all debts, public
charges, taxes, and dues." 31 U.S.C.A. § 5103 (West 1983). Thus, the trial court correctly ordered
Fisher to pay his taxes with federal reserve notes, which are legal tender.

 Appellant also attempts to argue that property taxes are an indirect tax on an
obligation of the federal government. Appellant points out that federal reserve notes represent an
obligation of the United States, and obligations of the federal government cannot be taxed either
directly or indirectly by state or local authorities. See 31 U.S.C.A. § 3124(a) (West 1983)
("[O]bligations of the United States Government are exempt from taxation by a State or political
subdivision of a State."). Fisher posits that because federal reserve notes are used to assess the tax
on property and interest accrued on late payments, payment of those taxes with federal reserve notes
constitutes an indirect tax on the obligation. We disagree. The tax that formed the basis of the lien
against Fisher, the foreclosure on that lien, the trial court's judgment, and the subject of this appeal
is a tax assessed against Fisher's real property. It is not an indirect tax on an obligation of the United
States; thus, it is not exempt under section 3124 of the United States Code. 


CONCLUSION

 We overrule appellant's sole issue on appeal and affirm the trial court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: January 17, 2002

Do Not Publish
1. Apparently, appellant's name includes a comma as shown. He testified before the trial court
that the comma is intended to separate his name, "Lenard Boyce," from his family's name, "Fisher." 
We will refer to him as either "appellant" or "Fisher."
2. The County sued to recover taxes for both itself and the City of Florence.