**Opinion issued October 8, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00739-CV

———————————

**WILLIAM HUGO MIKULIN, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL DISTRICT, CITY OF HOUSTON, HOUSTON INDEPENDENT SCHOOL DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees**

---

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-79969**

---

## MEMORANDUM OPINION

William H. Mikulin appeals from a final judgment issued in a suit to collect

delinquent ad valorem taxes. The trial court ordered Mikulin to pay $66,855.74 in

delinquent taxes, among other things, to various taxing authorities. In three issues, Mikulin contends the trial court erred by entering a final judgment against him because (1) the trial court lacked subject-matter jurisdiction over the tax suit; (2) the form of payment in which the trial court ordered him to pay his taxes is unconstitutional; and (3) there is a conflict between the United States Constitution and the Texas law. We affirm.

## Background

Harris County,[1] the City of Houston, Houston Independent School District, and Houston Community College System (collectively, "Harris County") brought an action against Mikulin seeking to recover delinquent ad valorem taxes[2] under Section 33.41 of the Texas Tax Code for tax years 2016 and 2017. In its amended petition, Harris County sought to recover "[t]he total aggregate amount of taxes, penalties, interest, and attorney's fees," including additional taxes, penalties, interest, and attorney's fees that accrued after it filed its amended petition.

The trial court held a hearing on the tax delinquency. Mikulin appeared at this hearing pro se. Harris County introduced evidence in support of the delinquency,

---

[1]     Harris County collects taxes on behalf of itself and Harris County Department of Education, the Port of Houston Authority of Harris County, the Harris County Flood Control District, and the Harris County Hospital District.

[2]     An ad valorem tax is a tax on the value of property. *Motorola, Inc. v. Tarrant Cty. Appraisal Dist.*, 980 S.W.2d 899, 900 n.1 (Tex. App.—Fort Worth 1998, no pet.) (citing *State v. Wynne*, 134 Tex. 455, 465 (1939)).

including certified tax statements, affidavits, and deed records for Mikulin's home located in Houston, Harris County, Texas. The trial court asked Mikulin whether he had made any payments to the taxing authorities. In response, Mikulin acknowledged that he had not paid his tax debts and then tendered a "conditional payment" in the form of a document explaining why, in his view, he was not required to pay his tax debts because they were unconstitutional. The trial court entered a judgment against Mikulin and ordered him to pay taxes in the amount of $66,855.74, plus "penalties, interest, and attorney's fees, with penalty and interest continuing to accrue . . . from the date of trial until paid or sold, plus all costs of court." Mikulin appealed.

### *Subject-Matter Jurisdiction*

In his first issue, Mikulin argues that the trial court lacked subject-matter jurisdiction because only Congress, and not the judiciary, has the authority to rule on issues involving money.

### A.     Standard of review

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553 (Tex. 2000). A court has the power to dispose of every issue once it acquires subject-matter jurisdiction. *Mladenka v. Mladenka*, 130 S.W.3d 397, 400 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Cedar Crest Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325,

330 (Tex. App.—Dallas 1993, no writ)). A plea to the jurisdiction challenges the trial court's authority to decide the merits of the case. *Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 267 (Tex. 2018). Because subject-matter jurisdiction presents a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012). In reviewing a plea to the jurisdiction, we review the pleadings, factual assertions, and any evidence relevant to the jurisdictional issue. *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015). We accord the trial court's decision no deference. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 239 (Tex. 2003).

**B.     The trial court had subject-matter jurisdiction over the tax suit**

Under Texas law, real property is subject to taxation. TEX. CONST. ART. VIII, § 1(b); TEX. TAX CODE §§ 11.01(a)—(b), 21.01. An owner of real property is obligated to pay ad valorem taxes levied on the property on the first day of January of the tax year for which the tax is imposed by a taxing authority. TEX. TAX CODE § 32.07. A taxing authority is defined as a county, city, or school district that is authorized to impose ad valorem taxes on real property. *Id*. § 21.01. The Texas Constitution authorizes counties to levy property taxes and empowers the legislature to enact laws for the assessment and collection of property taxes by school districts. TEX. CONST. art. 8, § 9; art. 7, § 3(e); *Fisher v. Cty. of Williamson*, No. 03-05-00584-

4

CV, 2006 WL 1649262, at *2 (Tex. App.—Austin June 15, 2006, no pet.). School districts are also authorized to levy and collect property taxes. TEX. EDUC. CODE § 11.152; *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 835 n.2 (Tex. 2000). Finally, the Texas Constitution, the Tax Code, and the Local Government Code allow cities to levy, assess, and collect property taxes. TEX. CONST. art. 8, § 9(a); art. 11, §§ 4, 5; TEX. TAX CODE § 302.001; TEX. LOC. GOV'T CODE § 51.051; *see Fisher*, 2006 WL 1649262, at *2. Under Texas Tax Code section 33.41(a), a taxing unit may initiate a legal proceeding in the county in which the tax was imposed and sue to foreclose the lien securing the payment of the tax, to enforce personal liability for the tax delinquency, or both. TEX. TAX CODE § 33.41(a).

These taxing units are authorized to initiate legal proceedings to collect taxes when an owner of real property fails to timely remit payment for property taxes assessed. A district court in Harris County is a court of competent jurisdiction to hear cases involving delinquent taxes assessed on property located within the county. *See Willie v. Harris Cty.*, 499 S.W.3d 907, 909–10 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (explaining that the Harris County District Court had subject matter jurisdiction in a case involving costs associated with a tax delinquency assessed on a real property located in Harris County).

Here, Harris County properly initiated legal proceedings against Mikulin in a Harris County district court to secure payment of Mikulin's tax debt. Harris County

introduced into evidence deed records of Mikulin's home located in Harris County. Harris County also introduced into evidence certified tax documents showing the property and the amount of the tax and penalties imposed and interest accrued for tax years 2016 and 2017. *See* TEX. TAX CODE § 33.47(a); *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982). Therefore, the trial court had subject-matter jurisdiction to hear the tax suit. We overrule Mikulin's first issue.

### *Form of Payment and Conflict of Law*

In his second and third issues, Mikulin argues that the trial court's order requiring him to pay his taxes in dollars is unconstitutional because the United States Constitution prohibits courts from ordering the payment of tax debts "in any other form other than gold or silver coin." Mikulin relies on United States Constitution Article I, Section 10, Clause 1, which provides that "[n]o State shall . . . make any [t]hing but gold and silver [c]oin a [t]ender in [p]ayment of [d]ebts." Mikulin also argues that Texas Tax Code section 31.06(a)[3] conflicts with United States Constitution Article I, Section 10, Clause 1 and Texas Government Code section 311.021(1).

Mikulin is not the first taxpayer to raise this argument. When it has been raised, courts have consistently rejected it. *See, e.g.*, *Brand v. State*, 828 S.W.2d 824,

---

[3] This provision of the Texas Tax Code authorizes payments of taxes in the form of U.S. currency, check, money order, credit card, or electronic funds transfer. *See* TEX. TAX CODE § 31.06(a).

826 (Tex. App.—Fort Worth 1992, no pet.) (rejecting appellant's argument that the payment of fines imposed for speeding offense using Federal Reserve notes violates the Constitution because "United States coins and currency (including Federal Reserve notes and circulating notes of Federal Reserve banks and national banks) are legal tender for all debts, Public charges, taxes, and dues"); *Rothacker v. Rockwall Cty. Cent. Appraisal Dist.*, 703 S.W.2d 235, 236 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (rejecting claim that an appraisal valued in dollars violates the United States Constitution); *Boyce v. Cty. of Williamson*, No. 03-01-00129-CV, 2002 WL 58470, at *1 (Tex. App.—Austin Jan. 17, 2002, no pet.) (rejecting contention that the Constitution authorizes only the use of gold or silver as tender in the payments of tax debt).

Congress, as authorized by the United States Constitution, maintains the exclusive power to establish a uniform legal tender for the payment of debts. *See Rothacker*, 703 S.W.2d at 236–37 (citing *The Legal Tender Cases*, 110 U.S. 421, 448 (1884) (rejecting appellant's contention that courts are prohibited from appraising property in dollars). Legal tender includes United States coins and currency, including Federal Reserve notes. 31 U.S.C. § 5103 (defining legal tender). The purpose of Article I, Section 10 of the United States Constitution is "to inhibit the ability of the states to create a form of legal tender and was not meant to preclude the payment of debts in any form of legal tender authorized by the federal

government." *Rothacker*, 703 S.W.2d at 236 (citing *Richardson v. Richardson*, 122 Mich. App. 531, 532 (1983)).

The trial court had no obligation to order Mikulin to pay for his tax debts in gold or silver. A payment in United States dollars is recognized by law as an acceptable form of payment for all debts and taxes. *See Boyce*, 2002 WL 58470, at *1 (reconciling the alleged conflict with United States Constitution article I, section 10, clause 1 and Texas Tax Code § 31.06(a) and explaining that the former provision "is not meant to preclude payment of debts in any form of legal tender authorized by the federal government. It is by now axiomatic that federal reserve notes, which are valued in dollars, are legal tender."). For these reasons, we hold that the trial court's order requiring payment of Mikulin's tax debt in United States dollars does not violate the Constitution and that no conflict of laws exist. We overrule Mikulin's second and third issues.

### Conclusion

Having concluded that the trial court committed no reversible error, we affirm the judgment of the trial court.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.

8