# NO. 12-22-00221-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN T. HARPOLE AND LENETTE A. KMIECIK,*<br>*APPELLANTS* | § | *APPEAL FROM THE 354TH* |
| | | |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| | | |
| *RAINS COUNTY APPRAISAL DISTRICT,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellants, John T. Harpole and Lenette A. Kmiecik, acting pro se, appeal the trial court's grant of dismissal under Rule 91(a) and summary judgment in favor of Appellee, Rains County Appraisal District (the District). In four issues, Appellants argue that the trial court erred in disposing of their claims.[1] We affirm.

## BACKGROUND

In April of 2021, the District issued a Notice of Appraised Value to Appellants for a 4.993-acre piece of real property located at 5193 East Highway 69 in Alba, Texas (the Property). Appellants protested the contents of the notice and appeared at a hearing before the Appraisal Review Board on July 20, 2021. They asserted in relevant part that the Property should not be taxed at all because Appellants are not "persons" under the Texas Tax Code, and that the

---

[1] Appellants list six "issues presented for review," but actually brief only four "arguments" (which differ from the stated issues presented) setting forth their position and providing citations to the record and relevant law. *See* TEX. R. APP. P. 38.1(f), (i) (brief must state concisely all issues or points presented for review and contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record); *see also* **Muhammed v. Plains Pipeline, L.P.**, No. 12-16-00189-CV, 2017 WL 2665180, at \*2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.) (pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel).

Property was appraised at an incorrect value. The Appraisal Review Board issued its Final Decision on July 23, finding that the appraisal records were correct and should not be changed.

Thereafter, Appellants filed a Petition for Review of the Final Decision in the 354th District Court of Rains County, Texas. In their petition, Appellants re-urged the argument that their property is not subject to taxation because they are not "persons" under the Texas Tax Code and are therefore excused from paying taxes. Appellants re-asserted their allegation that the Property was appraised at a value reflecting an increase higher than that permitted by law. Additionally, they argued that the District acted unconstitutionally in determining the value of the Property in federal reserve notes rather than in gold and/or silver, and in requiring Appellants to pay property taxes using the same currency. Appellants finally contended that the State of Texas lacks any right to tax property, and that the trial court judge would commit a felony if she ordered Appellants to pay their assessed property taxes in federal reserve notes.

The District moved to dismiss Appellants' claims pursuant to Rule 91(a) of the Texas Rules of Civil Procedure. The trial court found that all of Appellants' claims, save the claim alleging an unlawful increase in the Property's appraised value, lacked any basis in law, and dismissed those claims. The trial court overruled Appellants' request for findings of fact and conclusions of law. Thereafter, the District moved for summary judgment on Appellants' claim that the District unlawfully increased the appraised value of Appellants' homestead by more than ten percent from tax year 2020 to 2021. The District argued that only one acre of the Property is Appellants' homestead, and subject to the limitation on its appraised value to 110% of the previous year's appraised value (plus the value of any new improvements). The rest of the Property is not designated as Appellants' homestead, is not subject to this limitation, and is appraised at market value. The District presented an affidavit from Chief Appraiser Sherri McCall explaining her process for calculating the Property's 2021 tax value, and attaching documentation showing the Property's appraised value in previous tax years. Appellants requested oral argument on the District's First Amended Motion for Summary Judgment for the purpose of cross-examining the District, which the trial court denied. The trial court granted the District's First Amended Motion for Summary Judgment on May 31, 2022.

2

Appellants requested findings of fact and conclusions of law on July 12. The trial court overruled the request. This appeal followed.[2]

## RULE 91A DISMISSAL

We construe Appellants' first, second, and third issues as challenging the trial court's dismissal under Rule 91a.

### Standard of Review and Applicable Law

If a cause of action has no basis in law or fact, a party may move for dismissal under Rule 91a. TEX. R. CIV. P. 91a; *see also* **In re Farmers Tex. Cnty. Mutual Ins. Co.**, 621 S.W.3d 261, 266 (Tex. 2021). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. We review whether a cause of action has any basis in law de novo. **San Jacinto River Auth. v. Medina**, 627 S.W.3d 618, 628 (Tex. 2021).

To establish that a cause of action has no basis in law, "the defendant must demonstrate that recovery by the plaintiff is foreclosed as a matter of law—i.e., that it is legally impossible for the plaintiff to recover on the claims in its petition—because either (1) the causes of action in the petition are not recognized by Texas law or (2) the plaintiff has alleged facts that defeat those causes of action under settled law (i.e., the plaintiff has pleaded itself out of court)." **In re Shire PLC**, 633 S.W.3d 1, 19 (Tex. App.—Texarkana 2021, no pet.) (orig. proceeding) (internal citations omitted). "A plaintiff pleads himself out of court by alleging facts that render success on the merits impossible." *Id.* at 25.

We accept as true the factual allegations in the pleadings and liberally construe the pleadings in favor of the plaintiff. **HMT Tank Serv. v. Am. Tank & Vessel, Inc.**, 565 S.W.3d 799, 808 (Tex. App.—Houston [14th Dist.] 2018, no pet.). If needed, the trial court may draw reasonable inferences from the factual allegations to determine if the cause of action has any basis in law or fact. **Vasquez v. Legend Nat. Gas, LP**, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied). However, the court may not consider evidence and must decide the motion "based solely on the pleading of the cause of action, together with any pleading exhibits

---

[2] We originally dismissed this appeal because Appellants did not show that their notice of appeal was timely filed, and thus had not established the jurisdiction of this Court. *See Harpole v. Rains Cty. Appraisal Dist.*, No. 12-22-00221-CV, 2022 WL 4393028 (Tex. App.—Tyler, no pet.) (per curiam) (mem. op.). We thereafter granted Appellants' motion for rehearing and reinstated this appeal.

permitted by [Texas Rule of Civil Procedure] 59." TEX. R. CIV. P. 91a.6. "A motion to dismiss ... must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. Finally, when the trial court does not specify the ground on which it relied, a party appealing the grant of a motion to dismiss under Rule 91a must challenge every ground on which the trial court could have granted the motion. *Emmanuel v. Izoukumor*, 611 S.W.3d 453, 458 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

**Definition of "Persons"**

Appellants argue that the trial court erred in dismissing their claim that they are not "persons" for purposes of the Texas Tax Code and are therefore exempt from paying property taxes. *See* TEX. TAX CODE ANN. § 32.07 (West 2023) (stating that property taxes are the personal obligation of the person who owns the property). They cite Section 311.005(2) of the Texas Government Code as support for their contention, which provides that the word "person," when not otherwise defined by statute or context, "*includes* corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE ANN. § 311.005 (West 2023) (emphasis added). Appellants argue that because Section 311.005(2) does not enumerate "human being" or "individual" as contained in the definition of "person," Section 32.07 of the Tax Code does not apply to them.

But Section 311.005(13) states that "includes" is a term of enlargement, rather than a term of limitation or exclusive enumeration, and its use "does not create a presumption that components not expressed are excluded." *Id.* Paraphrased, when a statutory definition specifically "includes" certain terms, it does not automatically exclude all other terms not listed. Therefore, the categories "human being" and "individual" are not excluded from statutory definitions of "person" merely because they are not specifically included in Section 311.005(2). Moreover, the Tax Code does not contain its own definition of "person," so we must interpret the word applying its common-law meaning or "common usage." *See id.* § 311.011(a) (West 2023); *Coming Attractions Bridal & Formal, Inc. v. Texas Health Res.*, 595 S.W.3d 659, 662 (Tex. 2020); *Bandin v. Free & Sovereign State of Veracruz de Ignacio de la Llave*, 590 S.W.3d 647, 652 (Tex. App.—Houston [14th Dist.] 2019, no pet.). And the common-law meaning of the word "person" is "a human being." PERSON, BLACK'S LAW DICTIONARY (11th ed. 2019). We assume the Texas Legislature was aware of the common-law meaning of the term "person" at the

4

time it enacted Section 32.07 of the Tax Code.  *See* ***Acker v. Tex. Water Comm'n***, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the [L]egislature with complete knowledge of the existing law and with reference to it.").  Appellants specifically assert that they are human beings; thus, each of them is a "person" for purposes of the Texas Tax Code, and each of them may be liable for property taxes under Section 32.07.

Appellants' contention that they are not persons and not liable for paying property taxes has no basis in law; thus, the trial court correctly dismissed this claim under Rule 91a.

## Appraisal Amount in Federal Reserve Notes

Appellants argue that the trial court wrongly dismissed their claim that appraising the Property using federal reserve notes as a unit of value is unconstitutional.  As best we can determine, Appellants contend that because federal reserve notes are not silver or gold, they are obligations of the United States government and not lawful money.  Therefore, the valuation of the Property (and the basis for taxation thereon) in United States dollars constitutes a tax on an obligation of the United States.  Their reasoning is based on United States Constitution Article I, Section 10, Clause 1, which provides that "[n]o State shall ... make any Thing but gold and silver Coin a Tender in Payments of Debts."  U.S. CONST. art. I, § 10, cl. 1.

Appellants' argument is not novel and has been addressed and rejected by multiple Texas courts.  *See, e.g.*, ***Rothacker v. Rockwall Cty. Cent. Appraisal Dist.***, 703 S.W.2d 235, 236 (Tex. App.—Dallas 1985, writ ref'd) (rejecting claim that an appraisal valued in dollars violates the United States Constitution); ***Mikulin v. Harris Cnty.***, No. 01-18-00739-CV, 2019 WL 4936042, at *2–3 (Tex. App.—Houston [1st Dist.] Oct. 8, 2019, no pet.) (mem. op.); ***Boyce v. Cnty. of Williamson***, No. 03-01-00129-CV, 2002 WL 58470, at *1 (Tex. App.—Austin Jan. 17, 2002, no pet.) (mem. op.).  The constitutional provision on which Appellants rely, by its plain language, only prohibits the states from creating a form of legal tender not recognized or authorized by the *federal government*. ***Boyce***, 2002 WL 58470 at *1.  The Congressional authority to establish national paper currency is derived from its power "[t]o borrow money on the credit of the United States."  U.S. CONST. art. I, sec. 8, cl. 2.  This Constitutional mandate has long been recognized as providing Congress with the power to establish a uniform legal tender for the payment of debts.  *See* ***Juilliard v. Greenman***, 110 U.S. 421, 444, 4 S. Ct. 122, 128, 28 L. Ed. 204, 213 (1884).  And Congress has exercised its power by means of delegation to the Federal Reserve System.  12 U.S.C.A. § 411.  Congress also designated United States coins and currency,

including federal reserve notes, as legal tender for all debts, public charges, taxes, and dues. ***Boyce***, 2002 WL 58470, at *1.

The Supreme Court has upheld the power of Congress to establish a system of fiat currency. *See, e.g.*, ***Norman v. Baltimore & O.R. Co.***, 294 U.S. 240, 316, 55 S. Ct. 407, 419, 79 L. Ed. 885 (1935). And we are obligated to follow not only the Constitution, but the decisions of the United States Supreme Court which apply and construe the Constitution. The District's appraisal of the Property's value in United States dollars does not violate the Constitution or Appellants' constitutional rights. Even construing the pleadings liberally in Appellants' favor, their contention to the contrary lacks any basis in law, and the trial court properly dismissed this claim under Rule 91a.

## Payment of Taxes Using Gold or Silver

Appellants argue that the trial court erred in dismissing their claim alleging they have a right to pay property taxes in gold or silver coin, rather than federal reserve notes. Specifically, Appellants appear to object to Section 31.06 of the Texas Tax Code, which requires parties collecting taxes to accept payment only by "United States currency or a check or money order," or "credit card or electronic funds transfer." TEX. TAX CODE ANN. § 31.06 (West 2023).

Ripeness is a threshold issue that implicates subject matter jurisdiction and emphasizes the need for a concrete injury for a justiciable claim to be presented. ***Robinson v. Parker***, 353 S.W.3d 753, 755 (Tex. 2011). In evaluating ripeness, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. ***Id.*** Although a claim is not required to be ripe at the time of filing, if a party cannot demonstrate a reasonable likelihood that the claim will soon ripen, the case must be dismissed. ***Id.*** A case is not ripe when resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. ***Waco Indep. Sch. Dist. v. Gibson***, 22 S.W.3d 849, 852 (Tex. 2000). In this case, Appellants allege neither that they tried to pay their property taxes using gold or silver, nor that the relevant collection authority refused any such payment. Appellants also fail to allege that they are likely to attempt to pay taxes with gold and silver in the near future. Further, in granting the District's Rule 91a motion to dismiss, the trial court did not order Appellants to remit payment for property taxes in United States dollars. *See* ***Mikulin***, 2019 WL 4936042 at *2–3. The trial court could not have resolved this claim without reference to hypothetical events contingent upon actions not taken by Appellants.

6

Because Appellants' claim was not ripe, the trial court lacked subject-matter jurisdiction over the claim and correctly dismissed it under Rule 91a.

Even had Appellants unsuccessfully attempted to pay their property taxes using gold or silver, they would not be entitled to relief. As set forth *infra*, the purpose of Article I, Section 10 of the United States Constitution is "to inhibit the ability of the states to create a form of legal tender and was not meant to preclude the payment of debts in any form of legal tender authorized by the federal government." *Rothacker*, 703 S.W.2d at 236. And a payment in United States dollars is recognized by law as an acceptable form of payment for all debts and taxes. *See Boyce*, 2002 WL 58470, at *1 (reconciling alleged conflict with United States Constitution article I, section 10, clause 1 and Texas Tax Code § 31.06(a)); *Mikulin*, 2019 WL 4936042, at *3 (court order requiring payment of tax debt in United States dollars does not give rise to a conflict of laws or violate the Constitution).

**Summation**

For the above reasons, we conclude that the trial court properly granted the District's Rule 91a motion. We overrule Appellants' first, second, and third issues.

### ORAL HEARING ON SUMMARY JUDGMENT

In part of their fourth issue, Appellants contend that the trial court abused its discretion by denying their request for a hearing and oral argument on the District's First Amended Motion for Summary Judgment. Specifically, Appellants contend that the trial court violated their Sixth Amendment right to cross-examine "the witness against [them]," because they did not have the opportunity to cross-examine Sherri McCall, the Chief Appraiser for Rains County.[3]

Rule 166a(c) of the Texas Rules of Civil Procedure calls for a hearing on a motion for summary judgment. TEX. R. CIV. P. 166a(c). However, "not every hearing called for under every rule of civil procedure necessarily requires an oral hearing." *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). Unless required by the express language or the context of the particular rule, the term "hearing" does not necessarily contemplate either a personal appearance before the court or an oral presentation to the court. *Id.* An oral hearing on a motion for summary judgment may be helpful to the parties and the court, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an

---

[3] Appellants offer no argument with respect to the merits of the summary judgment order.

oral hearing is not mandatory. *Id.*; TEX. R. CIV. P. 166a(c). The decision whether to grant an oral hearing on a summary judgment motion is purely within the discretion of the trial judge. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.]), *writ denied per curiam*, 864 S.W.2d 491 (Tex. 1993), *cert. denied*, 511 U.S. 1053, 114 S. Ct. 1613, 128 L. Ed. 2d 340 (1994). Pursuant to Rule 166a, the trial court may determine the merits of the summary-judgment action only based upon the pleadings, discovery responses, sworn affidavits, and other valid evidence submitted as grounds for granting or denying the motion. TEX. R. CIV. P. 166a(c). An oral hearing on summary judgment is little more than argument of counsel, and a trial court's failure to conduct same upon request of a party is not reversible error. *Giese v. NCNB Texas Forney Banking Ctr.*, 881 S.W.2d 776, 783 (Tex. App.—Dallas 1994, no pet.).

By its express terms, the Sixth Amendment right to confrontation applies to criminal actions, not civil actions. U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him") (emphasis added); *see also* TEX. CONST. art. I, § 10 ("In all criminal prosecutions the accused . . . shall be confronted by the witnesses against him[.]"). Because the appraisal decision Appellants challenge is civil rather than criminal in nature, Appellants enjoyed no right to confront witnesses. And because a trial court may not collect oral testimony either in support of or in opposition to a motion for summary judgment, McCall would not have provided any live testimony at a hearing on the District's motion, and Appellants would not have had any opportunity to question or cross-examine her even if the trial court granted their request for a hearing. *See* TEX. R. CIV. P. 166a(c).

We conclude that the trial court did not abuse its discretion in denying Appellants' request for a hearing on the District's motion for summary judgment and overrule this portion of Appellants' fourth issue.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In the remaining portion of their fourth issue, Appellants contend that the trial court erred by overruling their request for findings of fact and conclusions of law as to its orders granting the District's Rule 91a motion to dismiss and traditional motion for summary judgment.

Rule 296 of the Texas Rules of Civil Procedure requires the filing of findings of fact and conclusions of law upon request of a party in cases "tried in the district or county court without a

8

jury." TEX. R. CIV. P. 296. A trial judge has the authority and duty to file requested findings of fact and conclusions of law when there has been an evidentiary hearing to the court or a bench trial on the merits. *Zimmerman v. Robinson*, 862 S.W.2d 162, 164 (Tex. App.—Amarillo 1993, no pet.). However, findings and conclusions should not be requested or made when the trial court renders judgment as a matter of law, because they serve no purpose. *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997).

When ruling on a Rule 91a motion to dismiss, a court does not consider evidence but rather must determine whether, accepting all facts alleged by the plaintiff as true, recovery by the plaintiff is foreclosed as a matter of law. *In re Shire PLC*, 633 S.W.3d at 19. Because the trial court decides a Rule 91a motion to dismiss based upon the pleading of the causes of action, findings of fact and conclusions of law are neither required nor appropriate. TEX. R. CIV. P. 91a.6; *WISD Taxpayers Ass'n v. Waco Indep. Sch. Dist.*, 912 S.W.2d 392, 394 (Tex. App.—Waco 1995, no pet.) ("When a court dismisses a suit based on the pleadings, findings of fact and conclusions of law are not appropriate."). Similarly, when a trial court grants summary judgment relief, findings of fact are not appropriate because the summary judgment proceeding has not been "tried" within the scope of Rule 296. *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied); *Besing v. Moffitt*, 882 S.W.2d 79, 82 (Tex. App.—Amarillo 1994, no pet.). If summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994) (findings of fact and conclusions of law "have no place" in a summary judgment proceeding); *Willms*, 190 S.W.3d at 810.

In this case, none of Appellants' claims were "tried" within the meaning of Rule 296, because the trial court rendered judgment only as a matter of law. We conclude that the trial court did not err by denying Appellants' requests for findings of fact and conclusions of law. Consequently, we overrule this part of Appellants' fourth issue.

## DISPOSITION

Having concluded that the trial court committed no reversible error and overruled each of Appellants' issues, we ***affirm*** the judgment of the trial court.

JAMES T. WORTHEN
Justice

Opinion delivered May 17, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 17, 2023**

**NO. 12-22-00221-CV**

**JOHN T. HARPOLE AND LENETTE A. KMIECIK,**
Appellants
V.
**RAINS COUNTY APPRAISAL DISTRICT,**
Appellee

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 11157)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellants, **JOHN T. HARPOLE and LENETTE A. KMIECIK**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*